UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CARY R. ILIFF,
        Petitioner,

                                                              PRISONER
v.                                                 Case No. 3:14cv1356 (SRU)

CONNECTICUT DEPARTMENT OF
CORRECTIONS, ET AL.,
        Respondents.

## RULING AND ORDER

The petitioner, Cary R. Iliff, is currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conditions of confinement within the State of Connecticut Department of Correction.

Iliff claims that he is serving an eighteen-month sentence for a violation of probation. He arrived at MacDougall-Walker on December 29, 2013. Seven days later, he had a heart attack and was sent to the University of Connecticut Health Center for placement of a stent in one of his arteries. He claims that he needs knee surgery and back surgery. Medical personnel at MacDougall-Walker have denied his requests for a medical mattress. He experiences severe pain in his back and his knee. He also suffers from plaque psoriasis and Hepatitis C.

Iliff alleges that Dr. Pillai has ignored orders from physicians at UCONN regarding treatment of his psoriasis condition. He has undergone an MRI of his knee, but not his back.

He asks the court to order the Department of Correction to appoint a special physician to address his medical needs, to provide him with a medical mattress and place him in a single cell, and to send him to have his knee evaluated and surgically repaired by an orthopedist. He also asks the court to order Dr. Pillai to follow the instructions of the physicians at UCONN regarding the

treatment prescribed for his psoriasis condition.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in [state] custody . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems.  *See Cotto v. Hebert*, 331 F.3d 217, 237 (2d Cir. 1982).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).  A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted).  Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

The petitioner complains about the conditions of his confinement, specifically medical treatment for various medical conditions, and seeks orders related to those conditions.  The petitioner does not assert that he attempted to exhaust his claims in a habeas petition filed in state court.  Nor does he allege that there is no opportunity to address his complaints in a state court

2

proceeding.  As such, his claims are unexhausted.[1]

The Court notes that the petitioner names the Connecticut Department of Correction, Warden Chapdelaine, Dr. Woo and Dr. Pillai as respondents and mentions that he could seek one million dollars in damages due to the deliberate indifference of the respondents, but he has chosen only to seek injunctive relief.  The Supreme Court has held that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core [of habeas corpus] and may be brought pursuant to section 1983."  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)).  Accordingly, for all of the reasons set forth above, the petition for writ of habeas corpus is dismissed.

## Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED**.  Any appeal from this order would not be taken in good faith and, therefore, a certificate of appealability will not issue. The Clerk is directed to enter judgment in favor of the respondents and close this case.

If the petitioner seeks to pursue his claims against the individual respondents as a civil rights action pursuant to 42 U.S.C. § 1983, he should file a new action using a Pro Se Prisoner Civil Rights Complaint form.  Any Civil Rights Complaint filed by the petitioner MUST list all the

---

[1] The Second Circuit has held that district courts may properly take judicial notice of docket sheets in other court cases.  *See Mangifico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (finding no error in district court's reliance on a docket sheet in another case because "docket sheets are public records of which the court could take judicial notice") (citation omitted).  Accordingly, the court takes judicial notice of the docket sheet in the petitioner's Connecticut habeas petition which may be accessed by entering the docket number, 14-4006201, on the following website under Docket Number Search: http://civilinquiry.jud.ct.gov/.

defendants from whom the petitioner seeks relief and includes facts to show each defendant's involvement in the alleged deliberate indifference to his medical needs.

In addition to filing the Pro Se Prisoner Civil Rights Complaint form, the petitioner MUST ALSO either submit the $400.00 filing fee or a Prisoner Application to Proceed *In Forma Pauperis* in a Civil Rights Action.  **The Clerk is directed to send the petitioner an Prisoner Application to Proceed *In Forma Pauperis* in a Civil Rights Action and a Pro Se Prisoner Civil Rights Complaint form.**

SO ORDERED at Bridgeport, Connecticut this 22nd day of October 2014.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE